UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR TAX FRAUD INVESTIGATION | ) ) ) ) ) ) | ML No: 20-969 |

*Reference:*   DOJ Ref. # CRM-182-73708

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Margarita I. Pendarvis, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from the Republic of Hungary (Hungary). In support of this application, the United States asserts:

RELEVANT FACTS

1.	The Central Authority of Hungary, the Office of the Prosecutor General, submitted a request for assistance (the Request) to the United States, pursuant to the Treaty between the Government of the United States of America and the Government of the Republic of Hungary on Mutual Legal Assistance in Criminal Matters as supplemented by the 2005 Protocol to the Treaty Between the Government of the United States of America and the Government of

the United States of America and the Government of the Republic of Hungary on Mutual Legal Assistance in Criminal Matters, Hung.-U.S., Dec. 1, 1994, S. TREATY DOC. NO. 104-20 (the Treaty).

2. As stated in the Request, the Central Trans-Danubian Crime Directorate of the National Tax and Customs Administration, in Hungary, is investigating Zsolt Kurányi (Kurányi) for tax fraud and money laundering, which occurred between in or about January 2015 and July 2019, in violation of the criminal law of Hungary, specifically, Sections 345, 396, and 399 of the Criminal Code of Hungary.  Under the Treaty, the United States is obligated to assist in response to the Request.

3. According to Hungarian authorities, Kurányi operated a multi-level company network of approximately 40 companies with the purpose of issuing fictitious invoices to legitimate companies with registered offices in Hungary.  The legitimate companies to which certain fictitious invoices were sent either did not employ anyone suitable for the type of work listed on those invoices, i.e., IT-related services, or already had their own employees to perform the services listed in the invoices.  The companies that Kurányi controlled did not have employees or funds and did not conduct any actual business.  They were created for the sole purpose of shifting tax liabilities and specifically, to establish the right to value-added tax (VAT)[1] deduction by issuing the fictitious invoices.  The managing directors were Kurányi's associates.  After their issuance, the fictitious invoices were paid via wire transfers, and the funds were eventually deposited in a bank account that belonged to Kurányi.  Funds were then withdrawn by friends and relatives of Kurányi, who brought the money to Kurányi's apartment,

---

[1] A value-added tax (VAT) is a consumption tax placed on a product whenever value is added at each stage of the supply chain, from production to the point of sale.  The amount of VAT that the user pays is on the cost of the product, less any of the costs of materials used in the product that have already been taxed.

or another place of his choosing. Kurányi had no legal source of income, and had funded his lifestyle, travels, and luxury vehicles with the revenue originating from the criminal offenses perpetrated by him. Kurányi concealed the origin of the money obtained from the fraudulent scheme by financing the operation of various real estate properties in Hungary and elsewhere.

4. On May 07, 2019, Kurányi established the company "Kratos LLC" in California. Kurányi established this company with the purpose of purchasing a piece of property in the Hollywood Hills neighborhood of Los Angeles, in order to conceal the criminal origin of his assets. On July 01, 2019, Kurányi bought the property for USD 420,000 on behalf of Kratos, LLC. On October 15, 2019, Kurányi was arrested in the United States pursuant to a Hungarian provisional arrest request. According to Hungarian authorities, bank card number XXXX9535, issued by JP Morgan Chase Bank, N.A., for Kratos, LLC, was seized from Kurányi at the time of his arrest.

5. To further the investigation, Hungarian authorities have asked U.S. authorities to provide: (1) records pertaining to bank card number XXXX9535 issued by JP Morgan Chase Bank, N.A.; (2) business records pertaining to Kratos LLC, located in the United States.

LEGAL BACKGROUND

6. A treaty[2] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent

---

[2] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

7.The United States and Hungary entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  See Treaty pmbl.  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures.  Article 1.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.  Article 5 ("The judicial authorities of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request").

8.When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> ***
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> ***
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or

4

for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[3]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

10. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[4] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[5] Upon

---

[3] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[4] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[5] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

such a duly authorized application, Section 3512 authorizes a federal judge[6] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. *See* 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

11.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A sample "Commissioner's Subpoena" is included as Attachment A.

REQUEST FOR ORDER

12.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section

---

[6] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Office of the Prosecutor General in Hungary and seeks assistance in the investigation of tax fraud and money laundering-criminal offense(s) in Hungary.  The requested Order is necessary to execute the Request, and the assistance requested, <u>i.e.</u>, the production of bank and business records falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

13.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

14.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (<u>i.e.</u>, grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (<u>i.e.</u>, no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633, 639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>In re Letters of Request from the Supreme Court of Hong Kong</u>, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given

commissioner subpoena.

15. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Margarita I. Pendarvis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: _____
     Margarita I. Pendarvis
     Trial Attorney
     D.C. Bar Number 888283921
     Office of International Affairs
     Criminal Division, Department of Justice
     1301 New York Avenue, N.W.
     Washington, D.C. 20530
     (202) 307-0646
     Margarita.Pendarvis@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR *[Insert Nature of Case/Investigation]* | ) ) ) ) ) ) ) |

Reference:    *[Insert DOJ#]*
(***Please repeat when responding.***)

## COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective] [Criminal][Penal]* Code.

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

For failure to provide records you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

COMMISSIONER
*[Insert Name]*
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) *[Insert Number]*
*[Insert Email Address]*